## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

MICHAEL VALENTINE GARDNER,      PLAINTIFF
ADC # 175884

v.      4:22CV01138-JM-JTK

DEXTER PAYNE, et al.      DEFENDANTS

### ORDER

Michael Valentine Gardner ("Plaintiff") is in custody at the Grimes Unit of the Arkansas Division of Correction ("ADC"). (Doc. No. 1). Plaintiff sued Defendant Dexter Payne, Grimes Unit Warden T. Hurst, and Deputy Warden J. Moss alleging deliberate indifference to his serious medical needs. (Id.). Plaintiff also filed a Motion for Leave to Proceed In Forma Pauperis, which was granted. (Doc. Nos. 32, 34, 35).

**I.    Screening**

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## II.  Discussion

Plaintiff initially filed this action seeking a writ of habeas corpus. (Doc. No. 1). The Court determined that Plaintiff's medical care claims were not properly brought as a habeas proceeding, and gave Plaintiff the chance to convert this suit to a civil rights action arising under 42 U.S.C. § 1983. (Doc. No. 23). Plaintiff took the opportunity and asked that his deliberate indifference to serious medical needs claims be allowed to proceed under 42 U.S.C. § 1983. (Doc. No. 28).

The Eighth Amendment prohibits cruel and unusual punishment. U.S. CONST. AMEND. VIII. This prohibition gives rise to the government's duty to provide medical care to prisoners. "The government has an 'obligation to provide medical care for those whom it is punishing by incarceration." Allard v. Baldwin, 779 F.3d 768, 772 (8th Cir. 2015) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). It follows that the "Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners." Robinson v. Hager, 292 F.3d 560, 563 (8th Cir. 2002) (internal citation omitted). "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Schuab v. VonWald, 638 F.3d 905, 914 (8th Cir. 2011) (internal citation omitted). "Deliberate indifference may be

demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs."  Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).  To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need.  See Washington v. Denney, 900 F.3d 549, 559 (8th Cir. 2018); McRaven v. Sanders, 577 F.3d 974, 981 (8th 2009).

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).  Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.  See Iqbal, 556 U.S. at 678.

In his Complaint (Doc. No. 1), Plaintiff does not explain specifically who was deliberately indifferent to his serious medical needs or how.  As such, Plaintiff's Complaint fails to state a claim on which relief may be granted.  Madewell, 909 F.2d at 1208; Parrish, 594 F.3d at 1001.

Plaintiff also filed a Brief in Support in which he appears to add numerous Defendants and claims, along with multiple memoranda and an addendum to a memorandum.  (Doc. Nos. 7, 4-1, 6, 12, 15).  The Court cannot properly screen Plaintiff's claims as set out in his current pleadings because the Court is not clear whom Plaintiff wishes to sue and for what.

Plaintiff will be given a chance to amend his Complaint to cure the defects in his pleading. If Plaintiff wishes to pursue his deliberate indifference to serious medical needs claims, he must

identify who knew about his serious medical needs and how each individual had that knowledge. He must also explain how each individual ignored his serious medical needs.

Plaintiff should note that Rule 8(a) of the Federal Rules of Civil Procedure requires:

(1) a **short and plain** statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a **short and plain** statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a) (emphasis added).

### C. Superseding Amended Complaint

Plaintiff may amend his pleadings to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all Defendants he is suing. Plaintiff is cautioned that an Amended Complaint renders his earlier Complaint without legal effect.[1] Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should: **1) name each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each Defendant's**

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

**actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

If Plaintiff does not submit an Amended Complaint, I will recommend that his original Complaint be dismissed.  See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); Loc. R. 5.5(c)(2).

## IV.  Conclusion

IT IS, THEREFORE, ORDERED that:

1. If Plaintiff wishes to submit an Amended Complaint for the Court's review, he must file the Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order.   If Plaintiff does not submit an Amended Complaint, I will recommend that his original Complaint be dismissed.  See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); Loc. R. 5.5(c)(2).

2. The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

IT IS SO ORDERED this 18th day of April, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE