IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MICHAEL VALENTINE GARDNER,                                                    PLAINTIFF
ADC # 175884

v.                             4:22CV01138-JM-JTK

DEXTER PAYNE, et al.                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

**I.      Introduction**

Michael Valentine Gardner ("Plaintiff") is in custody at the Grimes Unit of the Arkansas Division of Correction ("ADC"). (Doc. No. 1). Plaintiff initially filed this action seeking a writ of habeas corpus. (Doc. No. 1). The Court determined that Plaintiff's deliberate indifference to serious medical needs claims were not properly brought as a habeas proceeding, and gave Plaintiff the chance to convert this suit to a civil rights action arising under 42 U.S.C. § 1983. (Doc. No. 23). Plaintiff took the opportunity and asked that his claims be allowed to proceed under 42 U.S.C. § 1983. (Doc. No. 28).

Plaintiff sued Defendants Dexter Payne, Grimes Unit Warden T. Hurst, and Deputy Warden J. Moss alleging deliberate indifference to his serious medical needs.  (Doc. No. 1). Plaintiff also filed a Motion for Leave to Proceed In Forma Pauperis, which was granted.  (Doc. Nos. 32, 34, 35).

Upon screening Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA") and 28 U.S.C. § 1915(e), the Court found Plaintiff's Complaint failed to state a claim on which relief may be granted.  (Doc. No. 36).  The Court further explained that Plaintiff's additional pleadings could not be properly screened because the Court was not clear whom Plaintiff wished to sue and for what.  (Id. at 3).  The Court gave Plaintiff the chance to file a superseding Amended Complaint to cure the defects in his pleading.   Plaintiff filed his Amended Complaint on May 4, 2023.   (Doc. No. 43).   Plaintiff also filed a Memorandum in support containing 127 pages of grievances.   (Doc. No. 44).   The Court will now continue screening Plaintiff's claims.

## II.   Discussion

### A.   Plaintiff's Amended Complaint

The Court makes a couple of observations before delving into Plaintiff's claims.   When the Court gave Plaintiff the chance to submit an Amended Complaint, the Clerk of the Court sent Plaintiff a blank 42 U.S.C. § 1983 complaint form along with the Court's order describing the information that any Amended Complaint should contain.  (Doc. No. 36).   Plaintiff used the Court's § 1983 complaint form only in part.  (Doc. No. 43).   While Plaintiff is not required to use the form, the form prompts a a plaintiff to supply information useful in screening a plaintiff's claims.   Further, Plaintiff includes as much argument and legal citation in his statement of claim as he does factual allegations.   At the screening stage, the Court leans very heavily on the allegations of fact that a Plaintiff provides.   Lastly, the "body of the written craftsmanship" is not always easily to follow.   (Doc. No. 44 at 2).

2

In Plaintiff's Amended Complaint, he explained the nature of his claims, followed by roughly 150 pages of grievances and other documents. Plaintiff named only one Defendant on the 42 U.S.C. § 1983 complaint form: Dexter Payne. (Doc. No. 43 at 1). Plaintiff sued Defendant Payne in his official and personal capacities. (Id. at 2). Plaintiff says he sued Defendant Payne "primarily because [his] subordinates are laison [sic] to [him] via official capacity only." (Id. at 12). Plaintiff makes this same allegation against Warden Hurst. (Id.). While Plaintiff did not name Warden Hurst as a Defendant in the § 1983 complaint form, Plaintiff explains in his statement of claim that Warden Hurst is also a Defendant. (Id.).

Plaintiff includes additional Defendants in his statement of claim. Plaintiff alleges Defendant Hearld G. Odom used excessive force against him and took Plaintiff's walker in disregard of Plaintiff's serious medical needs (Id. at 8-9, 11-12). Plaintiff also appears to allege that Defendant Odom retaliated against Plaintiff for the filing of a lawsuit. (Doc. No. 43 at 9). Plaintiff did not specify if he was suing Defendant Odom in his personal capacity, official capacity, or both capacities.

As the Court understands Plaintiff's pleading, Plaintiff alleged that Defendants Moss and Straughn conspired and failed to remedy Defendant Odom's unlawful acts. (Id. at 10).

Plaintiff also brings claims against Sheila Armstrong and Dr. J. Smith. (Id.). According to Plaintiff, Defendant Armstrong "fabricated legal documents," while Defendant Smith "dissolved" a script plaintiff had. (Id. at 14-16, 18-21). Further, Plaintiff maintains Defendant Culclager was deliberately indifferent to Plaintiff's serious medical needs by substituting a medicine prescribed by an outside provider with a generic version. Plaintiff explains he is suing Defendants Smith and Culclager in their official capacities only. (Id. at 18).

Additionally, Plaintiff asks that "his earlier Complaint be sustained." (Id. at 13).

3

Plaintiff seeks damages, among other relief. (Doc. No. 43 at 22-25).

**B.     Standard**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e) (screening requirement).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**C.     Analysis**

Plaintiff sued Defendant Payne is his official and personal capacities. Plaintiff explained that he sued Defendants Smith and Culclager in their official capacities only. Plaintiff did not identify the capacity in which he sued the remaining Defendants.

1.   **Personal Capacity Claims Against Defendant Payne**

Plaintiff said he sued Defendant Payne "primarily because [his] subordinates are laison [sic] to [him] via official capacity only." (Doc. No. 43 at 12).

Liability in an action brought under 42 U.S.C. § 1983 is based on an individual's own actions. Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). It follows that supervisor liability in § 1983 actions is limited. In claims brought pursuant to § 1983, a supervisor cannot be held liable on a theory of respondeat superior for his or her employees' allegedly unconstitutional actions. Id. A supervisor incurs liability only if he or she is personally involved in the constitutional violation, or when his or her corrective inaction constitutes deliberate indifference to the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993).

As the Court of Appeals for the Eighth Circuit recently explained,

> [t]he failure to train or supervise . . . must 'reflect[ ] a deliberate or conscious choice.' [] 'To be deliberately indifferent, an 'official must both be aware of facts from which the inference could be drawn that a substantial risk of [unconstitutional] harm exists, and he must also draw the inference.'

Sturgeon v. Faughn, 36 F.4th 804, 809 (8th Cir. 2022) (internal citations omitted). To succeed on a failure to train or supervise claim, a plaintiff must show that the supervisor:

> (1) had notice of a pattern of unconstitutional acts committed by subordinates;
> (2) was deliberately indifferent to or tacitly authorized those acts; and (3) failed to take sufficient remedial action; (4) proximately causing injury to [the plaintiff]

Perkins v. Hastings, 915 F.3d 512, 524 (8th Cir. 2019) (internal citation omitted).

Plaintiff pled no facts sufficient to indicate that Defendant Payne was personally involved in any allegedly unlawful action, tacitly authorized any unlawful act, or failed to take remedial action after an allegedly unlawful act. As such, Plaintiff's personal capacity claims against Defendant Payne fail.

### 2. Official Capacity Claims

Plaintiff sued Defendant Payne in his personal and official capacities, Defendants Smith and Culclager in their official capacities only, and was silent as to the capacity in which he sued all other Defendants.

As the Court of Appeals for the Eighth Circuit has explained, "[i]f the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir.1998). Because Plaintiff did not explain the capacity in which he was suing multiple Defendants, the Court interprets those claims to be official capacity claims only. In short, Plaintiff made an official capacity claim against all Defendants.

Plaintiff's official capacity claims against the medical-provider Defendants are the equivalent to claims against their employer. See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (1993). To succeed on a claim against the employer, Plaintiff must establish that a policy or custom of the employer was the driving force behind the violation of Plaintiff's rights. See Corwin v. City of Indep., Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monel v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)). Plaintiff has not done so. As such, his official capacity claims against the medical Defendants fail.

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity claims against any ADC officials are the equivalent of claims against the state of Arkansas. Plaintiff's requests for

damages from these Defendants is barred by Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

Plaintiff also seeks injunctive relief. The Eleventh Amendment does not bar claims for prospective injunctive relief. McDaniel v. Precythe, 897 F.3d 946, 951-52 (8th Cir. 2018) (Ex Parte Young established state officials may be sued in official capacity for prospective injunctive relief) (citing Verizon Md. Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002)). Under Ex Parte Young, an individual may sue a state official in his or her official capacity for prospective injunctive relief to remedy ongoing violations of federal law. See Ex Parte Young, 209 U.S. 123, 149-50 (1908).

But the relief Plaintiff seeks is not available. First, Plaintiff asks that all prisoners be treated with respect to their dignity and value as human beings. Next, Plaintiff wants "the upper echelon of the Department Head held to answer (official capacity)." (Doc. No. 43 at 23). While the Court is sympathetic to Plaintiff's requests, the Court cannot grant this type of relief.

Plaintiff also seeks to have prison doctors bound by the decisions of outside doctors. But Plaintiff has no right to this relief. Prison doctors may exercise their independent medical judgment, and are not mandated to accept the diagnoses or treatment plan of an outside provider. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). And "mere disagreement with treatment decisions . . . does not rise to the level of a constitutional violation." Cejvanovic v. Ludwick, 923 F.3d 503, 507-08 (8th Cir. 2019).

Plaintiff additionally asks for the impartial investigation of his complaints. There is, however, no constitutional right to such an investigation. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). See also Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005) ("As [plaintiff]

7

relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.")

Lastly, Plaintiff asks that the employment of Defendants Odom, Smith, and Armstrong be terminated. (Doc. No. 43 at 24). The Court cannot grant relief against Defendants Odom, Smith, and Armstrong because "to establish liability in an official-capacity suit under § 1983, [P]laintiff must show, inter alia, that [the] official named in [the] suit took action pursuant to [an] unconstitutional governmental policy or custom." Hood v. Norris, 189 F. App'x 580 (8th Cir. 2006). See also Sanders, 984 F.2d at 975-76; Corwin, 829 F.3d at 699 (liability against employees of third party based on policy or custom in official capacity claim). Plaintiff has not pled facts to establish an unlawful policy or custom.

### III. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted;

2. The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g);[2] and

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

3.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an <u>in</u> <u>forma</u> <u>pauperis</u> appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 8th day of May, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE